THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAX WOLOSHIN, Relator, against WARDEN OF CITY PRISON, QUEENS COUNTY, Defendant.

Supreme Court, Special Term, Queens County, February 23, 1950.

*Frank R. Klein* for relator.

*Charles P. Sullivan, District Attorney (Howard Lonergan* of counsel), for defendant.

HILL, J. Relator tests, by writ of habeas corpus, an extradition warrant signed by the Governor of the State of New York, for his release and return to the State of New Jersey, on the requisition of the Governor of that State. The New York Governor's warrant is dated October 19, 1949. An agreement to return was entered into by the executives of New York and New Jersey, dated January 10, 1950, pursuant to the Uniform Criminal Extradition Act, to which the State of New York is a party.

On February 9, 1950, the relator plead guilty to a felony in Queens County, New York, and was remanded to the warden of City Prison awaiting sentence. To date the prisoner has not been sentenced.

After a hearing on the writ, I find that the relator was in the State of New Jersey at the time of the alleged crime of which he is accused.

The relator claims that the Governor of the State of New York has no power to release him to the State of New Jersey pending sentence for the crime for which he now stands guilty in the State of New York. In deciding this writ, the divisions of government must be kept in mind, i.e., the executive, legislative and judicial. In preserving the balance of power, one branch may not usurp or encroach upon the other. The duty of the executive has been established by the Constitution, with which the judicial branch will not interfere. This duty includes extradition, with power in the courts to inquire if the person named was within the demanding State at the time of the alleged crime. If it be necessary to pardon, grant reprieves, or commutation of sentence before release to the demanding State, it is clearly within the power of the executive to perform that function.

It may well be that the executive, by this extradition warrant, does one or all three of the above acts — a condition with which this court is not now concerned.

I find that the relator was within the demanding State at the time that the crime is alleged to have been committed. It follows that the writ is dismissed.